## PETRIE v. HOWE, appellant.

*Exception — to immaterial evidence — Evidence — in action for crim. con.*

Evidence taken under exception, which is wholly immaterial, should be disregarded on appeal. But such an exception cannot be disregarded except in a very clear case, and when the court is satisfied that the testimony could not possibly have done any injury to the party excepting.

In an action for crim. con. the plaintiff, after testifying that his wife was the mother of four children by him, and that after the alleged criminal intercourse she gave birth to a fifth child, was asked what was the color of the hair of the first four children. *Held,* that it was improper to permit the question to be answered, for the purpose of suggesting and inducing a comparison by the jury between the plaintiff's four children and the fifth child, upon view of the latter, and the plaintiff, and his wife, and the defendant; and that the court could not disregard the exception, on appeal, upon the ground that the evidence could not have injured the defendant.

APPEAL from a judgment on a verdict for the plaintiff.

The action was brought in Jefferson county by Martin Petrie against Henry Howe, for criminal conversation of defendant with plaintiff's wife. The only material facts appear in the opinion.

*F. W. Hubbard,* for appellant.

*H. E. Morse,* for respondent.

E. DARWIN SMITH, J. This case presents a single exception for our consideration. The plaintiff, in an early stage of the trial, as a witness for himself, had testified that he had had four children by his wife, giving their names and ages, and then that another child was born of his wife on the 23d of May, 1871. He then gave evidence, by other witnesses, tending to establish a criminal intimacy between the defendant and his wife in and through the summer and fall of 1870; and then he was recalled and examined by his counsel further as a witness, when the questions and answers and proceedings following occurred.

Q. "Mr. Petrie, I desire to ask you whether this lady here is your wife?" A. "Yes, sir."

Q. "This child, her child?" A. "Yes, sir."

Q. "Will you state the color of the hair of your four children?"
Objected to by defendant's counsel, on the ground of the impos-

sibility of proving any fact material to the case, and as incompetent. Received, and the defendant's counsel took exception.

Q. "You may state what is the color of the hair of your four children." A. "They are black — more black than any thing else."

Proof of the color of the hair of the plaintiff's four other children, of itself, was clearly immaterial. And it is doubtless true, as stated in the points of the plaintiff's counsel, that evidence taken under exception which is wholly immaterial should be disregarded on appeal. *Watson* v. *Campbell*, 38 N. Y. 153. But such exception cannot be disregarded, except in a very clear case, and where the court is satisfied that the incompetent testimony could not possibly have done any injury or prejudice to the party excepting.

It seems to me quite clear that we cannot say that this testimony could not possibly have done any injury to the defendant. The question was put to the plaintiff, when his wife, with her fifth child in her arms, was present in court, and the attention of the jury particularly called to her and to the child. The claim and argument upon the trial was that the defendant was the father of this child, of which profert was thus made in court. The object was quite apparent, to suggest and induce a comparison by the jury between the plaintiff's other children and the one then exhibited, upon view of the child and the plaintiff and his wife and of the defendant. We cannot say that this exhibition and this mode of proceeding was not calculated to, and did not, prejudice the defendant.

If this species of physiological evidence is admissible in a court of justice it should not be covertly given, and in a shape not subject to the usual tests and exceptions applied to other evidence.

If it appeared upon view that the color of the hair of this child, thus put upon exhibition before the jury, was not black like that of the plaintiff's four other children, but was of a color resembling that of the defendant, it is quite apparent that an impression was likely to be made upon the minds of the jury quite injurious, and possibly unjust, to the defendant upon the main issue.

We cannot, I think, disregard this exception upon the ground that the evidence could not possibly have done any injury to the defendant.

A new trial must, therefore, be granted, with costs to abide the event.

*New trial granted.*