29h 47
48ad530

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES W. FULLER, as Superintendent of Poor, etc., Respondent, v. DAVID CARNEY, Appellant.

*Bastardy proceedings — can only be reviewed at General Term upon a common-law writ of certiorari—evidence—a witness cannot be asked to state the color of a child's eyes in proceedings to charge a person with being its father.*

Since the adoption of the Code of Criminal Procedure orders of the Court of General Sessions made in bastardy proceedings can only be reviewed at General Term upon a common-law writ of *certiorari*.

*People ex rel. Board of Charities of the City of Utica* v. *Davis* (15 Hun, 209) distinguished.

Upon a trial in the Court of Sessions, in proceedings to have the defendant adjudged the father of a bastard child, the district-attorney was allowed, against the defendant's objection and exception, to ask the mother, who was being examined as a witness, to look at the child and tell what the color of its eyes was.

*Held*, that this was error.

*Petrie* v. *Howe* (4 T. & C., 85) followed.

APPEAL by the defendant from an order of the Court of General Sessions of the county of Erie, adjudging him to be the father of a bastard child.

*Humphrey & Lockwood*, for the appellant.

*E. W. Hatch*, district-attorney, for the respondent.

HAIGHT, J.:

It is contended on the part of the district-attorney that no appeal lies to this court from the adjudication of the Court of General Sessions, and that the appeal should be dismissed. This question was passed upon by this court in the case of *The People ex rel. The Board of Charities of the City of Utica* v. *Davis* (reported in 15 Hun, 209). In that case it was held that an appeal will lie to this court.

Since the making of this decision, the remaining nine chapters of the Code of Civil Procedure have been enacted. Subdivision 9 of section 3347 provides: "Chapter 12 does not affect the statutes remaining unrepealed after the first day of September, 1877, touching the review of proceedings in a criminal case." Sections 1340 and 1357 of the Code of Civil Procedure, are included in chapter 12.

In view of this subsequent legislation, we have thus thought it advisable to again examine the question, and determine whether an appeal will lie in these proceedings.

The reviser, in his notes to section 1340 of the Code, calls atten tion to the decision of *The People* v. *Davis* (*supra*), and then to the subdivision 9 of section 3347, thus intimating that he did not consider the provisions of section 1340 applicable.

The first question to be determined is whether or not these proceedings are civil or criminal. Barbour, in his criminal treatise (522, 523), called them *quasi* criminal, and such they have ever been regarded by the courts until the enactment of the Code of Criminal Procedure, in which they are denominated " special proceedings of a criminal nature." (See part 6.) Title 5 of part 6 makes provision for the support of a bastard child, the manner in which the father is to be determined, and for an appeal from the order of the magistrate to the Court of Sessions of the county, and for the determination by that court. No appeal, however, is provided from the judgment or determination of the Court of Sessions.

The former Code pertained to procedure in civil actions and proceedings, the latter Code to criminal actions and proceedings. Subdivision 9 of section 3347, of the former Code, expressly provides that the chapter in reference to appeals in civil actions and proceedings does not affect the review of proceedings in criminal actions. All of the statutory provisions in reference to these proceedings are embraced in the Criminal Code.

Our conclusions are, therefore, that sections 1340 and 1357 of the Code of Civil Procedure have no longer any application to these proceedings, and therefore do not authorize a review by appeal to this court.

Section 515 of the Code of Criminal Procedure provides that " writs of error and of *certiorari* in criminal actions as they have heretofore existed, are abolished; and hereafter the only mode of reviewing a judgment or order in a criminal action is by appeal." Then follows the provisions for appeals to the Supreme Court from the judgment on a conviction after indictment, etc. It will be observed that the writ of error and *certiorari* are abolished only as to *criminal actions*. No provision is made for abolishing the writs as to special proceedings of a criminal nature; as to those proceedings, they

appear to stand as they have heretofore existed. Heretofore it has been the practice to review these proceedings in this court upon the common law writ of *certiorari*, and such we regard as the correct practice under the present Code.

The district-attorney should have moved seasonably to have had the appeal dismissed instead of bringing the case on for argument on the appeal. In view of the fact that the defendant was probably mislead by the decision of the *People* v. *Davis*, we are of the opinion that the defect should now be deemed to have been waived.

Upon the trial the district-attorney asked of the mother of the bastard child, who was then a witness upon the stand, this question: " Look at the child and tell what the color of its eyes are?" This question was objected to by the defendant upon the ground that it was immaterial, incompetent and improper. The objection was overruled and exception taken by the defendant. The witness answered: " Its eyes are blue." We are of the opinion that this was error. This evidence enabled the court to compare the color of the child's eyes with those of the defendant who was present in court. We do not regard this kind of evidence as safe or proper. In the case of *Petrie* v. *Howe* (reported in 4 Thomp. & Cook, 85), the question was as to the color of the child's hair. It was held in that case that such evidence was calculated to, and probably did, prejudice the defendant, that it was improper and a new trial was granted. The argument used in that case in reference to the color of the hair applies with equal force in this case as to the color of the eyes. Common observation reminds us that in families of children, different colors of hair and eyes are common and that it would be dangerous doctrine to permit a child's paternity to be questioned or proved by the comparings of the color of its hair or eyes with that of the alleged parent.

We discover no other error in this case.

Judgment reversed, and proceedings remitted to the Court of Sessions of Erie county, and a new trial ordered in that court, with costs of this appeal to abide the event.

SMITH, P. J., and HARDIN, J., concurred.

So ordered.